UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL C. CHARBONEAU,**

        Case No. 05-74608

    **Plaintiff,**

        HONORABLE DENISE PAGE HOOD
v.        MAGISTRATE JUDGE MONA K. MAJZOUB

**JO ANNE B. BARNHART,**
Commissioner of Social Security

    **Defendant.**
_____/

**ORDER**

**I. INTRODUCTION**

    This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation dated January 16, 2007. Plaintiff filed a Complaint on December 5, 2005. Both Plaintiff and Defendant have filed Motions for Summary Judgment. Plaintiff filed his Motion for Summary Judgment on July 27, 2006. Defendant filed her Motion for Summary Judgment on August 30, 2006. The Magistrate Judge issued a Report and Recommendation recommending that the Court grant Defendant's Motion for Summary Judgment, deny Plaintiff's Motion for Summary Judgment, and dismiss the Complaint. Plaintiff filed Objections on January 24, 2007.

**II. STATEMENT OF FACTS**

    Plaintiff claims that degenerative spinal disease, degenerative joint disease of both thumbs, severe back pain, unsuccessful back surgery, and herniated discs have left

1

him disabled since January 1, 2001. (Tr. 37, 50). The Social Security Administration ("SSA") denied Plaintiff's original claim for disability on August 12, 2002. (Tr. 31-35). On April 1, 2004 an Administrative Law Judge ("ALJ") reviewed the matter and upheld the SSA's decision on May 22, 2004. (Tr. 409-436, 17-26). The ALJ's decision became the final decision of the SSA's Commissioner on September 30, 2005, when the Appeals Council denied Plaintiff's request for review. (Tr. 1-11).

In March of 2000, Plaintiff was diagnosed with bilateral carpalmetacarpal ("CMC") arthritis in both thumbs. (R&R at 2). Plaintiff underwent surgery to treat the arthritis in the left and right thumb in May 2000 and May 2001, respectively. *Id.* After post-operation problems, both thumbs required additional surgery. *Id.*

In October of 2000, Plaintiff was diagnosed with lumbar radiculopathy. *Id.* Magnetic Resonance Imaging ("MRI") later revealed both a herniated disc and lumbar stenosis in Plaintiff's back. *Id.* Plaintiff underwent back surgery on January 29, 2001 (Tr. 125-26). In December of 2001, Plaintiff was diagnosed with low back pain and degenerative disc disease. (R&R at 5). In June of 2002, Plaintiff underwent a second back surgery. (Tr. 169-171). Plaintiff contends that the aforementioned impairments have left him disabled. Plaintiff challenges the ALJ's decision to uphold the SSA's determination that Plaintiff is not disabled.

### III. STANDARD OF REVIEW

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may

accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*.

In order to have preserved this right to appeal the Magistrate Judge's recommendation, Plaintiff was obligated to file objections to the Report and Recommendation within ten days of service of copy, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.,* 932 F 2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   Plaintiff has filed Objections and they are addressed below.  Upon review of the Magistrate Judge's Report and Recommendation, the Court finds that the Magistrate Judge correctly states the standard for judicial review of the Commissioner's decision under 42 U.S.C. § 405(g).

## IV.  APPLICABLE LAW & ANALYSIS

It is the recommendation of the Magistrate Judge that the Court grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgement. Under Sixth Circuit precedent, the Court must affirm the Commissioner's decision where the decision is supported by substantial evidence.  *Her v. Comm'r of Social Security*, 203 F.3d 388 (6th Cir. 1999).  The Court is bound even if there is substantial evidence to support another conclusion, and the Court would decide the case differently.  *Id.*  Plaintiff objects to the Magistrate Judge's Report and Recommendation arguing: (1) that the ALJ's Residual Functioning Capacity ("RFC") findings did not properly consider the medical opinions of Drs. Gary King, Mark A. Wilson, and Michael E. Holda, and (2) that the ALJ's findings are inconsistent with the Commissioner's Rules and Regulations.  For the

reasons set forth below, the Court finds that there is substantial support for the Commissioner's decision. Therefore, the Court adopts the Magistrate Judge's findings and conclusions.

### A. Treating Physicians

The Court agrees with the Magistrate Judge's finding that the ALJ properly considered the treating physicians' opinions in her decision. Plaintiff contends that the ALJ's findings as to Plaintiff's manipulative function undermine the opinions of Drs. King, Wilson, and Holda. (Pl.'s Obj. at 1,4). Specifically, Plaintiff argues that the medical opinions are "'uncontradicted' and as such" are entitled to "total deference." (Pl.'s Obj. at 4).

In her RFC findings, the ALJ determined that Plaintiff was not disabled. The ALJ also determined that Plaintiff could sit for 2 hours and could sit or stand for at least 6 hours in an 8 hour work day. The Magistrate Judge found that the ALJ properly considered Dr. King's medical opinion. The Court agrees with the Magistrate Judge's conclusion. Dr. King's initial conclusions were consistent with the ALJ's findings that Plaintiff could sit for 2 hours and could sit or stand for at least 6 hours in a work day. (R&R at 14). After a review of Dr. King's opinion, the ALJ included a limitation in her findings that Plaintiff be able to alternate positions at-will. (R&R at 14). 20 C.F.R. § 404.1527(d)(2) requires that medical evidence only be given deference when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." The Magistrate Judge found that Dr.

King did not provide the required support for his second opinion in which he amended the amount of time that Plaintiff would be able to sit or stand in an 8 hour work day. (R&R at 14). The Magistrate Judge reasoned that Dr. King only referenced a letter dated May 10, 2002 from a neurosurgeon in his second opinion. *Id.* The letter discussed the possibility of Plaintiff having a second back surgery, and gave no reasons for the change in his conclusions. *Id.* As such, Dr. King's second opinion lacked the "medically acceptable clinical and laboratory diagnostic techniques" required by 20 C.F.R. § 404.1527(d)(2). The Court agrees that the ALJ properly considered Dr. King's opinion.

The Magistrate Judge found the ALJ's findings were consistent with the findings of Dr. Wilson. The ALJ found that Plaintiff could not forcefully grip, grasp, pinch, twist, or squeeze with his hands. In his report, Dr. Wilson concluded that Plaintiff had a "loss of gross dexterity" and that Plaintiff was "unable to forcefully grip, grasp, or twist items." (Tr. 225). Dr. Wilson found that Plaintiff was only permanently unable to perform his "normal type of work," as a millwright. (Tr. 228, 256). Where inconsistencies existed between the opinion of Dr. Wilson and the findings of the ALJ, the Magistrate Judge concluded that the ALJ properly weighed Dr. Wilson's opinion against the findings of the other doctors. The Court agrees with the Magistrate Judge's conclusion. The ALJ properly considered the findings of the Dr. Wilson.

The Magistrate Judge found that no error resulted from the ALJ's failure to adopt Dr. Holda's opinion. Dr. Holda found Plaintiff "unable to work" and "permanently disabled." (Tr. 340-41). The Magistrate Judge found the rejection of this opinion proper,

5

reasoning that "it was an opinion on an issue reserved to the Commissioner and was entitled to no 'special significance.'" (R&R at 16). The Magistrate Judge further found that the opinion "did not concern the nature or severity of Plaintiff's impairments." (R&R at 16); 20 C.F.R. § 404.1527(e)(1), (3). In considering a disability claim, the Commissioner will review "all medical findings and other evidence that support a medical source's" finding that a claimant is disabled. 20 C.F.R. § 404.1527(e)(1). However, "a statement by a medical source that [a claimant is] 'disabled' or 'unable to work' does not mean that the [Commissioner] will determine that [the claimant is] disabled." *Id.* Determination of disability is solely within the province of the Commissioner. *Id.* The Commissioner was not required to find Plaintiff disabled based solely on Dr. Holda's opinion. The ALJ provided several reasons for not adopting the opinion. (R&R at 16-17). First, the ALJ acknowledged the extremity of Dr. Holda's opinion that found Plaintiff totally incapable of sitting, standing, and walking. *Id.* Second, Dr. Holda's opinion contradicted Plaintiff's own statements about his capabilities. *Id.* Plaintiff's statements included: (1) his ability to walk a mile in 25 minutes, (2) being able to sit, stand, or walk for 20 minutes before needing to change position, and (3) his ability to do light household work, drive, ride a lawn mower, and visit friends and family. *Id.* Third, Dr. Holda's opinion also contradicted the medical opinions of Drs. King and Wilson. Both doctors found that Plaintiff had functional limitations, yet neither concluded that Plaintiff was permanently disabled and unable to work. *Id.* Lastly, Dr. Holda's opinion contradicted

his own finding that Plaintiff could walk. *Id.* The Court agrees with the Magistrate Judge's finding that the ALJ did not err in failing to adopt the opinion of Dr. Holda.

For the reasons stated above, the Court finds that the ALJ properly considered the opinions and findings of Plaintiff's physicians. The Court adopts the findings and conclusions of the Magistrate Judge as to this issue.

### B. Plaintiff's Credibility

The Court agrees with the Magistrate Judge's conclusion that the ALJ properly analyzed Plaintiff's credibility and that the ALJ's determination was supported by substantial evidence. The ALJ found inconsistencies between the "intensity, persistence and functionally limiting effects" of Plaintiff's alleged symptoms and the evidence. (Tr. 23-24). The ALJ relied on the fact that Plaintiff's medications were limited to Vicodin and Soma. (R&R at 18). The ALJ considered the daily activities Plaintiff was able to perform. *Id.* The ALJ noted that the drowsiness Plaintiff attributed to the medications conflicted with other evidence; such as, Plaintiff's ability to drive, lack of treatment notes acknowledging drowsiness, and Plaintiff's assertions that the medication did not cause side effects. *Id.* Plaintiff, also, referenced various reports of Dr. Landau that mentioned "Plaintiff's subjective reports of pain with sitting and lying down." *Id.* Plaintiff failed to explain how Dr. Landau's reports undermined the ALJ's credibility determination. *Id.* Lastly, the ALJ and Magistrate Judge agreed that while Plaintiff's documented impairments can cause pain, such pain does not prevent Plaintiff from performing work

consistent with the ALJ's RFC finding. The Court finds substantial evidence supports the ALJ's credibility determination.

### C. Consistency between ALJ's findings and Commissioner's Rules and Regulations

The Court agrees with the Magistrate Judge's conclusion that the ALJ's RFC findings are consistent with the Commissioner's rules and regulations. Plaintiff claims that even if the ALJ's findings are supported by substantial evidence, there are not a significant number of jobs that he can perform. (Pl. Obj. at 4-5). Plaintiff further contends that the ALJ's findings contradict the Commissioner's rules and regulations, specifically S.S.R. 83-12. S.S.R. 83-12 provides for special situations where an assessment finds the claimant capable of performing sedentary or light work, however, the claimant is unable to either sit or stand for the prolonged periods of time required by sedentary and light work. 1983 WL 31253 *4. When such special circumstances arise, S.S.R. 83-12 states that a vocational expert should be consulted. *Id*. Plaintiff argues that his inability to stand or walk for most of the day contradicts a finding that he can perform light work. (Pl's Obj. at 4). The Magistrate Judge found consistency between the ALJ's findings and the rules and regulations, reasoning that the ALJ limited Plaintiff's range of light work to accommodate his limitations, which included Plaintiff's inability to sit or stand for more than two hours. The ALJ also included an at-will sit or stand option that, according to S.S.A. 83-12, allows an individual to "perform a defined range of work" despite not being able to sit or stand for prolonged periods of time. 1983 WL 31253 *4. Lastly, the ALJ

consulted a vocational expert who found that there were approximately 4,100 unskilled light and 5,935 unskilled, sedentary jobs that Plaintiff could perform with his limitations. (R&R at 21). The Court finds that there are a significant number of jobs that Plaintiff can perform. The Court adopts the Magistrate Judge's conclusion that a significant number of jobs exist that Plaintiff can perform and that the ALJ's findings are consistent with the Commissioner's rules and regulations.

In conclusion, the Court adopts the Magistrate Judge's finding that the ALJ properly considered the medical opinions of Plaintiff's physicians and properly consulted a vocational expert to determine whether there were a sufficient number of jobs in the economy that Plaintiff could perform. In light of such substantial evidence, the Court is compelled to uphold the ALJ's decision.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Mona K. Mazjoub **[Docket No. 22]** dated January 16, 2006 is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that the Defendant's Motion for Summary Judgment **[Docket No. 18, filed August 30, 2006]** is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff's Motion for Summary Judgment **[Docket No. 14 , filed July 27, 2006]** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Complaint **[Docket No. 14, filed, December 5, 2005]** is DISMISSED.

S/ DENISE PAGE HOOD  
DENISE PAGE HOOD  
United States District Judge

DATED: March 28, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2007, by electronic and/or ordinary mail.

S/William F. Lewis  
Case Manager
